### Enright v. Hoyt Wire Cloth Company

*Spivack & Dranoff,* for plaintiffs.

*Ballard, Spahr, Andrews & Ingersoll* and *Barley, Snyder, Cooper & Mueller,* for defendants.

BUCHER, J., April 18, 1974.—Petitioners have filed a petition for a declaratory judgment seeking the construction of employment contracts. Petitioners particularly seek interpretation of paragraph fifth of each agreement containing restrictive covenants. Respondents have filed an answer and counterclaim. The counterclaim seeks a tender by petitioners of certain shares of stock in Wiremation Industries, Inc., under a certain stock option plan and pursuant to paragraph seventh of said employment contracts.

Petitioners have filed preliminary objections to respondents' counterclaim in the nature of a motion

to strike off the counterclaim and a demurrer to the counterclaim.

Prior to Friestad v. Travelers Indemnity Company, 452 Pa. 417, there would be a serious question whether the court should entertain the present petition. In Greenberg v. Blumberg, 416 Pa. 226, a petition for a declaratory judgment seeking the construction of a restrictive covenant was dismissed by the Supreme Court on the ground that petitioners had an available remedy in equity. Friestad now disavows this restriction on the availability of a declaratory judgment proceeding.

## MOTION TO STRIKE

The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, et seq., does not specifically provide for counterclaims or cross actions. It does provide for a petition and answer: 12 PS §§848, 849 and 851. No Pennsylvania cases have been found considering the question of whether a counterclaim may be filed in response to a petition for declaratory relief. However, in 22 Am. Jur. 2d, Declaratory Judgments, §89 it is said: "Although the Uniform Act and other declaratory judgment acts do not provide for counterclaims or cross petitions, a defendant may set up his side of the controversy as a counterclaim . . . An action under the Uniform Declaratory Judgments Act may generally be heard with a cross action for affirmative equitable relief," citing Liberty Mut. Ins. Co. v. Jones, 344 Mo. 932, 130 S.W. 2d 945. In Jones it is said: "Relief by declaratory judgment is sui generis, and while not either strictly legal or equitable, yet its historical affinity is equitable. [Borchard on Declaratory Judgments, pages 137-38, 172, 178.] Within the limits of the statute there is no procedural reason why such an action may not be heard with a cross-action for affirmative equitable relief."

The petition involves paragraph fifth of the agree-

ment and respondents' counterclaim is based, at least in part, on paragraph seventh of the same contract. The court holds, therefore, that the counterclaim, as a pleading, is proper.

## DEMURRER

Admitting as true all facts averred in the counterclaim, the court concludes that respondents have stated a good cause of action. The averment that all conditions have occurred which entitle respondents to a tender of stock is equivalent, in the court's opinion, to an allegation that all conditions precedent have occurred (see Pennsylvania Rule of Civil Procedure 1019(c)), and are not mere conclusions as contended by petitioners.

And now, April 18, 1974, for the foregoing reasons, petitioners' preliminary objections in the nature of a motion to strike and demurrer are overruled and dismissed and petitioners are granted leave to file a reply to the counterclaim within 20 days.